

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

1:03CV2606

| Millennium, L.P., | § |
|---|---|
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| Hyland Software, Inc., | § |
| | § |
| Defendants. | § |

JUDGE MARIA

No. 03 CV 3900 (DC)

Answer, Affirmative Defenses and Counterclaim

Defendant Hyland Software, Inc. ("Hyland"), for its Answer to Plaintiff Millennium L.P.'s Complaint states as follows:

## THE PARTIES

1. Hyland lacks knowledge sufficient to confirm or deny the allegations of paragraph 1 of the Complaint, and, therefore, denies the same.

2. Hyland admits that it is a corporation organized and existing under the laws of the State of Ohio, and having a place of business at 28500 Clemens Road, Westlake, Ohio 44145.

## JURISDICTION AND VENUE

3. Hyland admits that the Complaint purports to allege an action for patent infringement. Hyland further admits that 28 U.S.C. § 1338 confers original jurisdiction to the district courts of the United States for patent infringement actions under Title 35. Hyland denies any remaining allegations contained in paragraph 3 of the Complaint.

4. Hyland denies the allegations contained in paragraph 4 of the Complaint.

5. Hyland denies that this is a proper venue for this action.

## CLAIM FOR PATENT INFRINGEMENT

6. Hyland restates and realleges its responses to paragraphs 1 through 5 as though fully set forth herein.

7. Hyland admits that U.S. Patent No. 5,258,855 ("the '855 patent") was issued on November 2, 1993. Hyland admits that the '855 patent bears the title "Information Processing Methodology." Hyland admits that the '855 patent is attached to the Complaint as Exhibit 1. Hyland denies that the '855 patent was duly and legally issued, and denies any remaining allegations contained in paragraph 7 of the Complaint.

8. Hyland admits that U.S. Patent No. 5,369,508 ("the '508 patent") was issued on November 29, 1994. Hyland admits that the '508 patent bears the title "Information Processing Methodology." Hyland admits that the '508 patent is attached to the Complaint as Exhibit 2. Hyland denies that the '508 patent was duly and legally issued, and denies any remaining allegations contained in paragraph 8 of the Complaint.

9. Hyland admits that U.S. Patent No. 5,625,465 ("the '465 patent") was issued on April 29, 1997. Hyland admits that the '465 patent bears the title "Information Processing Methodology." Hyland admits that the '465 patent is attached to the Complaint as Exhibit 3. Hyland denies that the '465 patent was duly and legally issued, and denies any remaining allegations contained in paragraph 9 of the Complaint.

10. Hyland admits that U.S. Patent No. 5,768,416 ("the '416 patent") was issued on June 16, 1998. Hyland admits that the '416 patent bears the title "Information Processing Methodology." Hyland denies that the '506 patent is attached to the Complaint as Exhibit 4. Hyland denies that the '416 patent was duly and legally issued, and denies any remaining allegations contained in paragraph 10 of the Complaint.

11. Hyland admits that U.S. Patent No. 6,094,505 ("the '505 patent") was issued on July 25, 2000. Hyland admits that the '505 patent bears the title "Information Processing Methodology." Hyland admits that the '505 patent is attached to the Complaint as Exhibit 5.

Hyland denies that the '505 patent was duly and legally issued, and denies any remaining allegations contained in paragraph 11 of the Complaint.

12. Hyland lacks knowledge sufficient to confirm or deny the allegations of paragraph 12 of the Complaint and, therefore, denies the same.

## COUNT ONE

13. Hyland restates and realleges its responses to paragraphs 1 through 12 as though fully set forth herein.

14. Hyland denies the allegations of paragraph 14 of the Complaint.

15. Hyland denies the allegations of paragraph 15 of the Complaint.

## COUNT TWO

16. Hyland restates and realleges its responses to paragraphs 1 through 15 as though fully set forth herein.

17. Hyland denies the allegations of paragraph 17 of the Complaint.

18. Hyland denies the allegations of paragraph 18 of the Complaint.

## COUNT THREE

19. Hyland restates and realleges its responses to paragraphs 1 through 18 as though fully set forth herein.

20. Hyland denies the allegations of paragraph 20 of the Complaint.

21. Hyland denies the allegations of paragraph 21 of the Complaint.

## COUNT FOUR

22. Hyland restates and realleges its responses to paragraphs 1 through 21 as though fully set forth herein.

23.  Because the "'506 patent" is neither identified in nor attached to the Complaint as an Exhibit, Hyland is without knowledge as to which patent Plaintiff refers, and therefore denies the allegations of paragraph 23 of the Complaint.

24.  Because the "'506 patent" is neither identified in nor attached to the Complaint as an Exhibit, Hyland is without knowledge as to which patent Plaintiff refers, and therefore denies the allegations of paragraph 24 of the Complaint.

## COUNT FIVE

25.  Hyland restates and realleges its responses to paragraphs 1 through 24 as though fully set forth herein.

26.  Hyland denies the allegations of paragraph 26 of the Complaint.

27.  Hyland denies the allegations of paragraph 27 of the Complaint.

## COUNT SIX

28.  Hyland restates and realleges its responses to paragraphs 1 through 27 as though fully set forth herein.

29.  Hyland denies the allegations of paragraph 29 of the Complaint.

30.  Hyland denies each and every allegation of the Complaint not expressly admitted herein.

31.  Hyland denies that plaintiff is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

32.  Hyland does not infringe, directly, contributorily or by inducement, any valid, enforceable claim of any one of U.S. Patent Nos. 5,258,855, 5,369,508, 5,625,465, 5,768,416, 6,094,505, or, upon information and belief, the unidentified "'506 patent" (the "patents-in-suit").

33. Plaintiff is estopped from construing any valid, enforceable claim of the patents-in-suit to cover or include, either literally or by application of the doctrine of equivalents, any method or system manufactured, used, imported, sold, or offered for sale by Hyland because of admissions and statements to the PTO during prosecution of the application leading to the issuance of the patents-in-suit.

34. The patents-in-suit are invalid for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, for example, sections 102, 103, and 112.

35. Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

36. Plaintiff's claims are barred by the doctrine of laches, and thus Plaintiff is precluded from recovering any damages for allegedly infringing activities and from obtaining injunctive relief.

37. For the convenience of the parties and the witnesses and in the interests of justice, the Court should transfer this action to the Northern District of Ohio.

## COUNTERCLAIM

Defendant/Counter-Plaintiff Hyland counterclaims against Plaintiff/Counter-Defendant Millennium, Inc. ("Millennium") as follows:

## THE PARTIES

1. Hyland is an Ohio corporation having a principal place of business at 28500 Clemens Road, Westlake, Ohio, 44145.

2. Millennium claims to be a limited partnership existing under the laws of the Cayman Islands, and with its principal place of business at P.O. Box 500, Georgetown, Grand Cayman, Cayman Islands.

## JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 as it arises under an Act of Congress relating to patents.

4.   By filing its Complaint, Plaintiff has consented to the personal jurisdiction of this Court.

5.   Plaintiff has contented that venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400.

## COUNT I

6.   Millennium claims to own all rights in and to the patents-in-suit.

7.   Hyland denies Millennium's allegations and alleges that the claims of the patents-in-suit are not infringed, and are invalid, unenforceable and/or void.

8.   There therefore exists an actual controversy between the parties with respect to infringement, invalidity and enforceability of the patents-in-suit.

WHEREFORE, Hyland prays for a judgment against Millennium as follows:

A.   That Plaintiff takes nothing by its Complaint in this action;

B.   That the Court enter judgment against Plaintiff and in favor of Hyland and that Plaintiff's Complaint in this action be dismissed with prejudice;

C.   That the Court enter a declaratory judgment that the claims of the patents-in-suit are invalid, unenforceable and void;

D.   That the Court enter a declaratory judgment that Hyland has not and does not infringe the patents-in-suit;

E.   That the Court enter a declaratory judgment that any claims of relief sought by Plaintiff for infringement of the patents-in-suit are barred based upon the doctrine of laches.

F.  That the Court declare this an exceptional case and award Hyland its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

G.  That the Court award Hyland such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 8, 2003

JONES DAY

By: _____
Timothy O'Hearn
Jennifer Seraphine (JS0819)
Paul E. Torchia (PT6716)
222 East 41st Street
New York, NY 10017
Attorneys for Defendant
Hyland Software, Inc.

## CERTIFICATE OF SERVICE

Jennifer Seraphine, a lawyer admitted to the bar of this Court, certifies under penalty of perjury pursuant to 28 U.S.C. § 1746, that on August 8, 2003, she caused the attached Answer, Affirmative Defenses and Counterclaim to be served by facsimile and U.S. Mail upon:

> Jean-Marc Zimmerman
> Zimmerman & Levi, L.L.P.
> 226 St. Paul Street
> Westfield, New Jersey 07090

Dated: August 8, 2003

_____
Jennifer Seraphine

NYI-2071266v1